No. 747 August 5, 2026 69

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of K. B.,
a Youth.
STATE OF OREGON,
*Respondent,*

*v.*

K. B.,
*Appellant.*

Jackson County Circuit Court
25JU01011; A187672

Charles G. Kochlacs, Judge.

Submitted June 12, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Stacy Du Clos, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Reversed and remanded for entry of judgment omitting restitution award; otherwise affirmed.

_____

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

In this delinquency case, youth appeals the juvenile court's judgment finding him within the court's jurisdiction and imposing a restitution award. He assigns error to imposition of the restitution award because the state did not present evidence of the amount and nature of the damages on which the restitution award was based. The state concedes the error. We agree with and accept the state's concession. We reverse and remand for entry of a judgment omitting the restitution award.

The timing of the state's presentation of restitution evidence in juvenile delinquency cases is governed by ORS 419C.450(1)(a). That statute provides that the state must present, "prior to or at the time of adjudication, evidence of the nature and amount of the injury, loss or damage." In this case, the state presented a request for restitution of $429.99 for a broken iPhone. But, the state did not present any evidence of the loss or evidence to support the amount of the damages. Youth objected to any award of restitution due to the absence of any evidence. The trial court awarded the restitution and stated that youth would have 90 days to "challenge" the restitution award. But ORS 419C.450(1)(b) provides that, after the state presents evidence as required before or at the time of adjudication, "if the court is unable to find from the evidence presented that a victim suffered injury, loss or damage, the court shall make a finding on the record to that effect."

In juvenile delinquency cases, when the state fails to meet either the timing requirement or the requirement of presenting evidence, we have reversed restitution awards. *See, e.g., State v. L. G. S.-S.*, 307 Or App 208, 212, 475 P3d 922 (2020) (reversing a restitution award in a supplemental judgment where the state failed to present restitution evidence at the adjudication hearing, but presented it later); *see also State v. R. D. M.*, 330 Or App 692, 544 P3d 425 (2024) (discussing what constitutes evidence for purposes of ORS 419C.450).

As noted, the state presented no evidence of the nature and amount of damages prior to or at the adjudication.

The state had the obligation to do so, and restitution could not be imposed thereafter. Consequently, we reverse and remand for entry of a judgment omitting the restitution award.

Reversed and remanded for entry of judgment omitting restitution award; otherwise affirmed.